IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CLYDE ALDRIDGE,

    Plaintiff,

V.                                      CIVIL ACTION NO. 3:04-0502

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

**<u>FINDINGS AND RECOMMENDATION</u>**

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed his applications on August 28, 2000, alleging disability commencing September 10, 1999, as a consequence of problems in the right hand, both feet, low back and neck, and tuberculosis. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled. The Appeals Council granted review of this decision and remanded the case to the administrative law judge. Following a supplemental hearing and consideration of additional evidence, the administrative law judge again found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals

Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty years of age and had obtained a GED. His past relevant employment experience consisted of work as a box trailer repairman, lumber stacker and machine operator. In his decision, the administrative law judge determined that plaintiff suffers from back pain, right hand impairment and an adjustment disorder, impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. As noted, after the first administrative law judge decision in this case, the Appeals Council granted plaintiff's request for review and remanded the claim for the purpose of addressing deficiencies in the vocational expert's testimony. The Appeals Council pointed out that the vocational expert did not identify the Dictionary of Occupational Titles ("DOT") code for each of the light and sedentary jobs he cited. Further, the Appeals Council noted that review of the DOT showed that the jobs the vocational expert had cited corresponded to categories of work rather than to specific jobs. Without the DOT codes, the Appeals Council was unable to verify that the jobs

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

cited actually fit the limitations set forth in the hypothetical question.  An example was given of a general production inspector job which did not appear to meet the classifications in the hypothetical question.  The administrative law judge was instructed to obtain supplemental evidence from a vocational expert which included the DOT code for each job cited by this witness.  He was further told to identify and resolve any conflicts between the information given by the vocational expert and information in the DOT and the selected Characteristics of Occupation, its companion publication.

On remand, in addition to obtaining and considering additional evidence, the administrative law judge held a supplemental hearing and took testimony from a vocational expert.  This witness again cited what appear to be general categories of jobs such as hand packer, packing machine operator and grader/sorter/selector at the light exertional level and small machine tender, production helper and assembler at the sedentary level.  There were no DOT codes given by this witness.  Instead, the administrative law judge asked her a series of questions relative to when the DOT was published and whether there were other sources she used to formulate her opinions.  This witness indicated she did group together jobs when responding to the hypothetical question because if she cited only single jobs within a category the numbers would be too limited.[3]  She indicated that "what we do is tend to look at jobs that will be grouped together with the same physical demands generally or similar physical demands" and other characteristics and "which would be generally unskilled."

---

[3] The Court observes, however, that vocational expert witnesses do provide DOT numbers for the individual jobs they cite, at least some of the time.

Although the Appeals Council did not undertake review of the second decision, in the Court's opinion, the vocational expert's explanation fails to address the Appeals Council's concerns about being able to verify that the jobs cited as being suitable for plaintiff actually meet the vocational limitations stipulated. Instead, the vocational expert's explanation appears to reinforce the need for more definite information. The Court concludes, therefore, that the administrative law judge failed to comply with the Appeals Council's remand order and that the vocational expert's testimony at the second hearing in this case was no more specific than at the first. Clearly it was not sufficient to establish that there are "a significant number of jobs (in one or more occupations) having requirements which [the claimant] is able to meet with [his] physical or mental abilities and vocational qualifications." 20 C.F.R. §§404.1566(b), 416.966(b). The Court also notes that, at the second hearing, the transcript does not reflect that the administrative law judge asked the vocational expert to consider plaintiff's fourth grade reading ability, even though he says in his decision that he did.[4]

The administrative law judge also should reexamine the evidence as to plaintiff's mental functioning and particularly his concentration level. While plaintiff has undergone a number of mental status evaluations, with several of the earlier reports reflecting no concentration deficit, the two most recent evaluations have shown a greater limitation in this regard. Ernie Vecchio, M.A., evaluated plaintiff on January 7, 2003, and observed, inter alia, poor judgment, normal memory, "markedly deficient" concentration, moderately deficient persistence and moderately slow pace. One and one-half months later, on February 24, 2003, Mr. Vecchio and Heather Fouch, M.A., evaluated plaintiff again and observed slow speech, moderately deficient judgment, severely

---

[4] See, Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

impaired recent memory and moderately deficient concentration with mildly deficient persistence and normal pace.  These evaluators completed a mental residual functional capacity form wherein they assessed all areas as "fair" (limited but satisfactory) or better except for using judgment, which they rated as "poor" (seriously limited but not precluded).

In a January 14, 2003 assessment, a state agency psychologist who reviewed the evidence expressed the opinion that plaintiff would be moderately limited in his abilities to maintain attention and concentration, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, working in coordination with others without being distracted by them, complete a normal workday and workweek without interruption from psychological symptoms and perform at a consistent pace without an unreasonable number of rest periods, get along with co-workers or peers without distracting them or exhibiting behavioral extremes and respond appropriately to changes in the work setting.  This assessment was confirmed by a second reviewing psychologist in March of 2003.

The administrative law judge, in assessing the degree of limitation plaintiff would have in the area of concentration, persistence and pace, referred to the findings in the most recent consultative psychological exams, but then concluded that plaintiff's primary difficulty appeared to be low reading level rather than depression or anxiety and noted he "accordingly" found that plaintiff had no more than mild limitation in his ability to concentrate.  His conclusions on this issue, particularly with respect to plaintiff's reading level, do not appear to be logical or supported by the evidence.  This issue should be revisited on remand.  The parties should also be given the opportunity to submit additional evidence.

5

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: July 19, 2005

_/s/ Maurice S. Taylor, Jr._
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

6